UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. |
| v. | ) | |
| | ) | |
| ANA GUTIERREZ | ) | |

## PLEA AGREEMENT

The United States of America, through Donald Q. Cochran, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Sara Beth Myers, and defendant, Ana Gutierrez, through defendant's counsel, Luke Evans, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that she has been charged in the information in this case with one count of transportation of a person in interstate commerce for the purpose of engaging in criminal sexual activity, in violation of Title 18, United States Code, Section 2421(a).

2. Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the information, charging transportation of a person in interstate commerce for the purpose of engaging in criminal sexual activity.

### Penalties

4. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties: up to 10 years of imprisonment, a fine of up to $250,000, 3 years of supervised release, and a $100 special assessment. Defendant also understands that a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future, regardless of whether the defendant currently has lawful temporary or permanent resident status.

### Acknowledgements and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case No._____.

6. Defendant understands that by pleading guilty she surrenders certain trial rights, including the following:

　　a. If defendant persisted in a plea of not guilty to the charge against her, she would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

　　b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent;

2

that the government bears the burden of proving defendant guilty of the charge beyond a reasonable doubt; and that it must consider each count of the information against defendant separately.

  c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilty beyond a reasonable doubt.

  d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on hers own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

  e. At a trial, defendant would have a privilege against self-incrimination so that she could testify or decline to testify, and no inference of guilt could be drawn from her refusal to testify.

7. Defendant understands that by pleading guilty she is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

## Factual Basis

8. Defendant will plead guilty because she is in fact guilty of the charge contained in Count One of the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

3

On or about May 18, 2019, in the Middle District of Tennessee and elsewhere, ANA GUTIERREZ did knowingly transport an individual in interstate commerce from Arizona to Tennessee with the intent that such individual engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense, in violation of Title 18 United States Code, Section 2421(a).

Specifically, the defendant purchased an American Airlines plane ticket for A.B., with the intent that A.B. would travel with her to Tennessee for the purpose of engaging in prostitution. On or about May 18, 2019, the defendant did, in fact, bring A.B. to Nashville, Tennessee, and upon their arrival, the defendant purchased a hotel room and began advertising A.B.'s sexual services online. The defendant, along with A.B., engaged in prostitution on numerous occasions until on or about May 26, 2019.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties have no agreement as to the applicability of any of the provisions of the U.S. Sentencing Guidelines and no agreement as to the defendant's Criminal History Category.

## Agreements Relating to Sentencing

10. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties, recognizing that the defendant has been in state custody since May 26, 2019, have agreed that the sentence imposed by the Court shall include a term of imprisonment of time served. Other than the agreed term of incarceration, the parties have agreed that

4

the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

11. Defendant agrees to pay the special assessment of $100 at the time of sentencing to the Clerk of the U.S. District Court.

### Presentence Investigation Report/Post-Sentence Supervision

12. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against her, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

13. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of her sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

5

14. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities except as expressly set forth in this Plea Agreement.

## Entry of Guilty Plea

15. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

16. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether she is guilty of the crime to which she is agreeing to plead guilty; and (ii) trial rights that might have been available if she exercised her right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence that includes the agreed upon term of incarceration of time served. Defendant further waives all appellate rights and all collateral attacks concerning forfeiture and all matters related thereto. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. ' 2255 and/or ' 2241. However, no waiver of the right

to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence that includes the agreed upon term of time served.

## Other Terms

17. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office. Defendant further agrees that any monetary penalties imposed by the Court will be subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and submitted to the Treasury Offset Programs so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

18. Should defendant engage in additional criminal activity after she has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

19. Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

20. Defendant understands that her compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event she violates this

Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement. Defendant and her attorney acknowledge that no threats have been made to cause defendant to plead guilty.

21. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

22. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 4/13/2020

_____
Ana Gutierrez
Defendant

8

23. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant her rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 4-15-20

*[signature]*
Luke Evans
Attorney for Defendant

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney

By: *[signature]*
Sara Beth Myers
Assistant U.S. Attorney

*[signature]* /Brent Hannafan
Stephanie N. Toussaint       w/ perm
Deputy Criminal Chief

9